UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| RUBEN NARRO, | § § | |
| Plaintiff | § § | Civil Action No. |
| v. | § § | JURY DEMANDED |
| SINGH SUKHWINDER and S CHAHAL TRUCKING, INC., | § § § | |
| Defendants | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff—Ruben Narro—brings this action against Defendants—Singh Sukhwinder and S Chahal Trucking, Inc.

**I.
PARTIES**

1. Plaintiff is an individual citizen of Texas residing in Lubbock County, Texas. He is bringing his individual claims for personal injuries sustained by him.

2. Defendant Singh Sukhwinder ("Sukhwinder") is a resident and citizen of California and can be served with process at his residence: 33451 9th St., Union City, California 94587, or wherever he may be found.

3. Defendant S Chahal Trucking, Inc. ("Chahal Trucking") is a California corporation that may be served with process by serving its registered agent for service of process Singh Sukhwinder at 925 Delbert Way, San Jose, California 95126.

## II.
## JURISDICTION & VENUE

4. This Court has specific personal jurisdiction over Defendants because Plaintiff's claims against them arise from Defendants' purposeful contacts with the State of Texas and because exercising jurisdiction over them does not offend traditional notions of fair play and substantial justice.

5. Plaintiff's claims arise from a motor vehicle collision that occurred in Lubbock, Texas between a vehicle which Narro was driving, and another vehicle driven by Defendant Sukhwinder in the course and scope of his employment with Chahal Trucking, who also owned the vehicle that Sukhwinder was driving.

6. Thus, Defendants committed a tort in whole or in part in Texas and, thus, are subject to suit in Texas under the Texas long arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action in which complete diversity of citizenship exists between Plaintiff (who has Texas citizenship) and Defendants (who have California citizenship) and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue in the Northern District of Texas is proper pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this District and because Defendants are subject to personal jurisdiction within this District. Specifically, the motor vehicle collision made the basis of Plaintiff's claims, and which caused Plaintiff's injuries and resulting damages, occurred in this District. Defendants' negligence that caused the collision also occurred wholly or partly within the Northern District of Texas.

## III.
## BACKGROUND FACTS

9. On or about April 12, 2023, Plaintiff was safely and lawfully stopped in his vehicle at a red light at 3400 Clovis Highway, Lubbock County, Lubbock, Texas.

10. It was daylight, and the pavement was dry.

11. Suddenly and without warning, a tractor trailer driven by Defendant Sukhwinder and owned by Defendant Chahal Trucking violently struck Plaintiff from behind.

12. At the time of the collision, Sukhwinder was acting within the course and scope of his employment with, and in furtherance of the business of, Defendant Chahal Trucking.

13. Defendant Sukhwinder's negligence proximately caused the collision because he failed to maintain a proper lookout.

14. Defendant Sukhwinder's negligence proximately caused the collision because he failed to operate the tractor trailer in a reasonable and prudent manner so as to avoid striking Plaintiff's vehicle.

15. Defendant Sukhwinder's negligence proximately caused the collision because he failed to control the speed of the tractor trailer.

16. Under the doctrine of *respondeat superior*, Defendant Chahal Trucking is vicariously liable for Sukhwinder's negligence and Plaintiff's resulting damages.

17. As a result of the collision, Plaintiff suffered serious personal injuries and resulting damages far exceeding this Court's jurisdictional minimum.

18. Moreover, the Lubbock Police Department investigated the collision, found Defendant Sukhwinder to be at-fault for the collision, and issued Sukhwinder a citation for "failure to control speed."

## IV.
## CAUSES OF ACTION AGAINST DEFENDANT SUKHWINDER

19. Defendant Sukhwinder committed acts of omission and commission, which collectively and severally constituted negligence and gross negligence, which were a proximate cause of the collision and Plaintiff's damages.

20. Sukhwinder's acts and omissions constituting negligence and gross negligence include, but are not limited to:

   a. failing to maintain a proper lookout;

   b. failing to take proper evasive action;

   c. failing to timely apply his brakes;

   d. failing to control his speed;

   e. failing to operate his vehicle in a manner to avoid colliding with other vehicles; and

   f. failing to operate his vehicle in a reasonable and prudent manner.

21. When viewed objectively, Sukhwinder's conduct in recklessly operating a large, heavy tractor trailer involved an extreme degree of risk, considering the probability and magnitude of harm to others.

22. He knew of this extreme risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

23. Only through abject recklessness could Sukhwinder have rear ended Plaintiff on a sunny, dry day.

## V.
## CAUSES OF ACTION AGAINST CHAHAL TRUCKING

24. Defendant Chahal Trucking is vicariously liable to Plaintiff for Sukhwinder's negligence under the doctrine of *respondeat superior* because, at the time of the collision with Plaintiff, Sukhwinder was operating the vehicle in the course and scope of his employment with, and in furtherance of the business of Chahal Trucking.

25. Defendant Chahal Trucking is also liable to Plaintiff for the gross negligence of Sukhwinder because, at the time of the collision with Plaintiff, Sukhwinder was a vice principal of the

corporation – specifically, Sukhwinder serves as the Chief Executive Officer, Chief Financial Officer, and Secretary of Chahal Trucking and has managerial authority over its operations.

## VI.
## COMPENSATORY DAMAGES

26. As a result of the collision, Plaintiff sustained serious and permanent injuries and is entitled to recover damages sustained in the past and that will, in reasonable probability, be sustained in the future for pain and suffering and mental anguish, medical care, loss of earning capacity, disfigurement, and physical impairment.

## VII.
## EXEMPLARY DAMAGES

27. Because Defendants are guilty of negligence, they should have exemplary damages assessed against them, as a deterrent to such future bad conduct and as a punishment for their bad acts, in an amount to be determined by the jury.

## VIII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

28. Plaintiff seeks pre-judgment and post-judgment at the maximum legal rate.

## IX.
## CONDITIONS PRECEDENT

29. All conditions precedent to Plaintiff's right to recover herein and to Defendants' liability have been performed or have occurred.

## X.
## JURY DEMAND

30. Plaintiff hereby requests a trial by jury and hereby tenders the necessary jury fee.

# XI.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from Defendants for his actual and exemplary damages, in such amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be entitled, whether at law or in equity.

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *T. Locke Henry*
**Thomas Locke Henry**
Texas Bar No. 24118408
locke@a2xlaw.com
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
E-Service: piteam@a2xlaw.com

*Attorneys for Plaintiff*

*AND*

**MCCLESKEY HARRIGER BRAZILL & GRAF, LLP**

By: /s/ *Benjamin H. Davidson, II*
**Benjamin H. Davidson, II**
Texas Bar No. 15430590
BDavidson@MHBG.com
5010 University Ave., 5th Floor
Lubbock, Texas 79413
Telephone: (806) 796-7300
Facsimile: (806) 796-7365

*Local Counsel for Plaintiff*